IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE COMEAUX, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3519 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Michael Wayne Comeaux filed this *pro se* section 2254 habeas petition challenging his conviction and forty-five year sentence for assault of a family member. Respondent filed a motion for summary judgment (Docket Entry No. 5), to which petitioner filed a cross motion for summary judgment (Docket Entry No. 8).

Based on consideration of the motions, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment, **DENIES** petitioner's motion for summary judgment, **DENIES** habeas relief, and **DISMISSES** this case for the reasons that follow.

## I. PROCEDURAL BACKGROUND

Petitioner was convicted of assaulting a family member as a second offender, enhanced with two prior felony convictions, and was sentenced to forty-five years incarceration on October 13, 2011. The conviction was affirmed on appeal, *Comeaux v.*

*State*, No. 14-11-00936-CR, slip op. (Tex. App.—Houston [14th Dist.] 2013, ref'd), and the Texas Court of Criminal Appeals refused discretionary review on August 21, 2013. Petitioner's first application for state habeas relief was dismissed because direct appeal proceedings were pending. Petitioner's second application for state habeas relief, filed on or about February 18, 2014, was denied by the Texas Court of Criminal Appeals on October 15, 2014.

Petitioner raises the following claims for federal habeas relief:

1. Trial counsel was ineffective in

    (a) failing to obtain an expert witness regarding heart medications, and

    (b) failing to investigate adequately and subpoena the complainant's medical records.

2. A void conviction was used for purposes of enhancing his sentence.

3. Because trial counsel was ineffective, petitioner was denied due process at trial, on direct appeal, and on collateral review.

Respondent argues that petitioner's claims should be dismissed as procedurally defaulted and/or groundless. The Court will address all of petitioner's claims as they have no merit.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA,

federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, the court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 99. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* at 99–100 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B.   <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant

probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual

prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that trial counsel was ineffective in the following two instances.

A.   <u>Failure to obtain expert witness</u>

At trial, the complainant, who was petitioner's wife at the time of the offense, testified that petitioner had accused her of infidelity and choked her. She stated that he pushed her up against a wall, choked her again, then punched her in the face, telling her that he wanted her to die. The complainant testified that petitioner struck her so hard that she thought she was dead.

Petitioner alleges that the complainant was taking the blood thinner Coumadin at the time of the offense. He contends that, had counsel obtained and presented a cardiologist or other expert witness, the expert would have informed the jury that Coumadin makes skin bruise easily. The expert would have then testified that, based on the photographs of complainant taken a day after the incident, complainant was not assaulted because there was insufficient bruising. Indeed, petitioner testified at trial that, had he assaulted the complainant in the manner she alleged, there would have been "more damage" visible in the photographs because the complainant was a "frittle" person:

> A.   [I] lift motors and transmissions everyday. I'm uniquely strong and I'm club fingered. My fingers, they get big when I work. If I was to hit Ida – huh-uh.
>
> Q.   If you were going to hit Ida what?
>
> A.   If I was to had hit her, man, she frittle. She's very frittle. I could kiss her and a passion mark just come up by the kiss. You know what I'm saying? Oh, no, huh-uh.

7

R.R., Vol. 4, pp. 69–70.

> Q. Now, I believe you were trying to describe to the jury you're a pretty strong man; correct?
>
> A. Yes, sir.
>
> Q. And you work with your hands?
>
> A. Yes, sir.
>
> Q. And you're used to lifting heavy objects?
>
> A. Yes, sir.
>
> Q. And if you were to strike somebody with a closed fist – if you were to strike Ida Mae Comeaux with a closed fist on her right eye, what kind of damage do you think you would do to Ida Mae Comeaux?
>
> A. I would break the bone here. All this would be broke.
>
> Q. Would it be more damage than what is shown in those pictures that have been introduced?
>
> A. Yes, sir.
>
> Q. You have any doubt in your mind that you would cause more damage than what's shown in those pictures?
>
> A. Yes.
>
> Q. And had you placed either one or both hands around Ida Mae Comeaux's neck and attempted to choke her, do you think that you would have caused more damage than what's shown in those pictures?
>
> A. Yes, sir.

*Id.*, pp. 80–81.

8

Complaints of uncalled witnesses are not favored in a federal habeas court because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir. 1986); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). To prevail on an ineffective assistance of counsel claim based on counsel's failure to call a witness, either lay or expert, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Petitioner fails to meet his burden of proof. Specifically, petitioner fails to present experts' names, show that they were available at the time of trial, proffer the substance of their testimony, and show how the testimony would have been favorable to a particular defense. Petitioner has done nothing more than argue, in broad terms, that his attorney failed to call expert witnesses because a cardiologist or similar expert would have negated the complainant's testimony. Petitioner's conclusory assertions are unsupported in the record and are insufficient to preclude the granting of summary judgment.

Moreover, petitioner presents no probative summary judgment evidence, and the record does not show, that the complainant was taking Coumadin or any other blood thinner on August 19, 2010, the date of the offense. The complainant testified to having taken blood-thinners at some point in 2009 due to a blood clot in her leg, but no further evidence

was presented regarding her medications. R.R., Vol. 3, p. 57. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner has presented no probative summary judgment evidence in support of his claim, and his claim has no merit.

The state court rejected petitioner's claims of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

B.    Failure to investigate/obtain medical records

Petitioner claims that trial counsel failed to investigate the case thoroughly and failed to subpoena the complainant's medical records. He further claims that he gave his attorney a list of witnesses, but the attorney did not contact or subpoena any of them for trial. Petitioner argues that, but for these errors, he would not have been found guilty.

In denying relief on these claims, the state court on collateral review made the following relevant findings of fact:

> 5.    Trial counsel is unavailable to respond to the allegations of deficient conduct in the instant writ application filed on February 24, 2014, as he passed away on January 30, 2012.

10

    6.      The applicant fails to demonstrate that trial counsel's efforts with respect to his pretrial investigation constituted objectively deficient conduct.

    7.      The applicant and his coworker, Oscar Luchin, testified during the defense case.

    8.      The applicant fails to show that any additional witnesses were available to testify in the primary case whose testimony would have benefited the applicant.

\* \* \* \*

    17.      The Court finds, based on recollection from presiding over the applicant's trial and the review of the appellate and habeas records in the primary case, that trial counsel appeared to be prepared for trial, that he provided the applicant with effective representation throughout the trial, that trial counsel's conduct was not objectively deficient in any manner, and that the totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of trial counsel.

*Ex parte Comeaux*, pp. 107–110. The state court also made the following relevant conclusions of law:

    2.      Because the applicant fails to show what a more in-depth investigation would have revealed that would have made a difference in his trial, he is not entitled to habeas relief on his claim that trial counsel's pretrial investigation in the primary case failed to provide him with effective assistance at trial.

    3.      Because the applicant fails to meet his burden of showing that any additional witnesses were available to testify in the primary case whose testimony would have benefited him, he is not entitled to habeas relief on his claim that trial counsel failed to call additional witnesses in his defense.

*Id.*, p. 110. The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying petitioner's application for state habeas relief. *Id.*, at cover.

It is well established that a petitioner who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011). Here, petitioner presents only his own bald assertions that material witnesses were available and that counsel refused or failed to contact them. This is insufficient to warrant habeas relief. *See Day*, 566 F.3d at 538.

Petitioner further fails to show that the purported medical records existed, that counsel refused or failed to subpoena them, and that the records were relevant to a specific defense. Again, petitioner's conclusory allegations regarding the content and relevance of the records are unsupported in the record and provide no basis for habeas relief. Petitioner fails to show that trial counsel was deficient and that, but for counsel's deficient performance, there is a reasonable probability that the results of the trial would have been different. Petitioner demonstrates neither deficient performance nor actual prejudice.

The state court rejected petitioner's claims of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## IV. VOID ENHANCEMENT CONVICTION

Petitioner next contends that a void conviction was used to enhance his punishment. Petitioner raised this claim on direct appeal, but the intermediate state court of appeals rejected the argument because petitioner had stipulated to the prior conviction and waived the complaint:

> Appellant does not contend that the evidence is insufficient to show that he committed the assault against the complainant in August 2010. Rather, appellant's appellate issues focus on the prior assault conviction on October 4, 2001, alleged in the indictment ('Prior Conviction'). The Prior Conviction was alleged in the indictment to make the offense a third-degree felony. In his first issue, appellant asserts that the evidence is insufficient to prove the Prior Conviction. In his second issue, appellant asserts a fatal variance exists between the allegations in the indictment and the proof offered at trial that makes the evidence insufficient to prove the Prior Conviction.
>
> At the beginning of trial in the guilt/innocence phase, the State offered into evidence, State's Exhibit 1, a written Stipulation of Evidence, signed by appellant and his trial counsel. In this document, appellant stipulated that he was convicted of the Prior Conviction alleged in the indictment. This stipulation was admitted into evidence without objection. This stipulation was a judicial admission that removed the need for proof of the Prior Conviction. [FN: Thus, it was not necessary for the stipulation to be admitted into evidence, though in the case under review, the stipulation was admitted into evidence.] By entering into that stipulation, appellant waived his right to put the government to its proof regarding the Prior Conviction, and appellant cannot complain on appeal that the evidence is insufficient to prove the Prior Conviction. Accordingly, we overrule appellant's first and second issues. [FN: Even if appellant had not waived these issues, the stipulation was admitted into evidence, and these issues would lack merit.]

*Comeaux*, No. 14-11-00936-CR, 2013 WL 1499577, at *2 (citations omitted). The state court record supports the state court's finding that petitioner stipulated to the conviction.

13

R.R., Vol. 3, p. 5; *id.*, Vol. 6, Exhibit 1. The state court's ruling is consistent with long standing federal circuit precedent. *See, e.g., Long v. McCotter*, 792 F.2d 1338, 1340 (5th Cir. 1986) (holding that a plea of true to an enhancement conviction waives any subsequent challenge to the conviction).

To the extent petitioner challenges the prior conviction on due process grounds, his claim was rejected on direct appeal and lacks merit. The state intermediate court of appeals held as follows:

> In his third issue, appellant contends that his conviction of felony assault on a family member violated the *ex post facto* prohibitions of the United States Constitution and the Texas Constitution because it was based upon language in Texas Penal Code section 22.01(b) that was not in effect at the time of the Prior Conviction in 2001. The part of Texas Penal Code section 22.01(b) relied upon in the indictment to allege a felony offense in the case under review took effect on September 1, 2005, and applies to offenses committed on or after that date. It is undisputed that this statute was in effect when appellant committed the charged offense in 2010, but appellant is correct that this statute was not in effect on the date of the Prior Conviction or on the date of the commission of this 2001 offense.
>
> It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage does not violate the *ex post facto* prohibitions of the United States Constitution or the Texas Constitution. Even if the Prior Conviction could not have been used as a basis for making an assault a third-degree felony in 2001, the Texas Penal Code allowed the Prior Conviction to be used in this manner when appellant committed the charged offense in 2010. Therefore, appellant's felony conviction did not violate the ex post facto prohibitions of the United States Constitution or the Texas Constitution.

*Id.* (citations omitted). Petitioner fails to demonstrate that the state court's determination violated federal law under AEDPA.

Moreover, the state court on collateral review made the following relevant findings of fact denying petitioner's claims regarding the prior conviction:

> 12. The applicant's stipulation of evidence that he was previously convicted on October 4, 2001, in cause number 1073331, of assault against a person with whom he had a dating relationship was properly admitted into evidence as State's Trial Exhibit 1.
>
> 13. The applicant also admitted committing this misdemeanor assault during his testimony in the primary case.
>
> 14. The applicant's indictment in the primary case properly included his conviction in cause number 1073331, which was used to enhance his offense in the primary case to the third degree felony offense of assault on a family member – 2nd offender under TEX. PENAL CODE §22.01 (b)(2)(A).

*Ex parte Comeaux*, p. 109–110. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

The state court rejected petitioner's claims that the prior conviction was void or that it violated due process. Petitioner fails to show that the state court's determinations were contrary to, or involved an unreasonable application of, federal law or were unreasonable determinations of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## V. DENIAL OF DUE PROCESS

Petitioner argues in his final ground for habeas relief that he was denied due process at trial, on direct appeal, and on state collateral review due to the ineffective assistance of trial counsel claims raised in this proceeding.

This Court has rejected petitioner's claims for ineffective assistance of trial counsel. Accordingly, petitioner's due process arguments arising from those same claims afford him no basis for federal habeas relief.

## VI. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 5) is **GRANTED**, petitioner's cross motion for summary judgment (Docket Entry No. 8) is **DENIED**, habeas relief is **DENIED**, and this lawsuit is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 20th day of April, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE